**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **Feldman's Medical Center Pharmacy, Inc., et al.** <br><br> **Plaintiffs,** <br><br> v. <br><br> **CareFirst, Inc., et al.,** <br><br> **Defendants.** | **Case Action No. _____** <br><br> **Removed from the Circuit Court for Baltimore City, Maryland** |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, defendant Blue Cross Blue Shield Association ("BCBSA"), by and through its attorneys, Gordon Feinblatt, LLC and Pugh, Jones & Johnson, P.C., hereby respectfully submits this Notice of Removal of this action from the Circuit Court for Baltimore City, where it is currently pending, to the United States District Court for the District of Maryland. In support of its Notice of Removal, BCBSA states as follows:

**Background**

A.     **The Present Action.**

1.     On or about December 29, 2011, plaintiffs Feldman's Medical Center Pharmacy, Inc. ("Feldman's") and Pharmacy Management Associates, LLC ("PMA") (collectively, "Plaintiffs") instituted an action in the Circuit Court for Baltimore City by filing a complaint ("the State Court Action").

2.     On or about January 18, 2012, Plaintiffs filed a First Amended Complaint ("FAC") in the State Court Action, bringing numerous claims against BCBSA, CareFirst, Inc. ("CareFirst") and Independent Blue Cross and QCC Insurance Company (collectively the "IBC

Defendants"). *See* Exhibit A attached hereto.

3. On February 24, 2012, the IBC Defendants removed the action to this Court, initiating Civil Action No. 12-cv-613. (*See* Notice of Removal, Ex. B attached hereto; Docket Report, Ex. C attached hereto.) All of the other defendants consented to the removal.

4. The IBC defendants sought to remove the case on the basis of federal question jurisdiction under 28 U.S.C. §§ 1331 and 1441(b) on the ground that one or more of Plaintiffs' claims in the FAC were completely preempted by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA"). (*See* Ex. B.)

5. On April 23, 2012, Plaintiffs filed a Motion to Remand. (*See* Ex. B.) On October 5, 2012, Judge Quarles granted the Motion to Remand and remanded this action to the Circuit Court of Baltimore City. (*See* Ex. C.)

6. As set forth below, BCBSA now seeks to remove this action on a different ground of removal based on recent developments, namely diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441(a). This ground for removal first became ascertainable on September 28, 2012.

**B.    Plaintiffs' Previous Action Against CareFirst ("Feldman's I")**

7. In June 2009, Feldman's sued CareFirst for breach of contract, unjust enrichment and "bad faith" in the Circuit Court for Baltimore City. *Feldman's Med. Ctr. Pharm., Inc. v. CareFirst, Inc.,* 723 F. Supp. 2d 814, 815 (D. Md. 2010); *see also* FAC ¶¶ 101- 102 ("Feldman's I"). CareFirst successfully removed the suit on complete preemption grounds, arguing that parts of Feldman's claims for relief were based on assignments from ERISA plan members who had obtained factor medication from Feldman's to treat their hemophilia. 723 F. Supp. 2d at 816, 819-21.

8.      In Feldman's I, Feldman's claimed that CareFirst improperly denied and delayed factor reimbursements because Feldman's had not complied with applicable Maryland licensing requirements.  CareFirst ultimately agreed to pay the claims at issue.  Magistrate Judge Susan K. Gauvey then entered a summary judgment opinion regarding the amount of interest to which Feldman's was entitled.  Magistrate Judge Gauvey concluded that the ERISA interest rate should apply instead of the rate authorized by Maryland law, which Feldman's had instead sought.  *See Feldman's Med. Ctr. Pharm., Inc. v. CareFirst,* 823 F.Supp.2d 307 (D. Md. 2011).

9.      Feldman's subsequently moved for over $1 million in attorney's fees.  On September 28, 2012, Magistrate Judge Gauvey entered a 61-page Order denying Plaintiffs' requests for attorney's fees in its entirety ("September 28, Order").  (*See* Exhibit D, Mem. Op. and Order dated September 28, 2012.)

10.     In order to reach this decision, Magistrate Judge Gauvey applied the Fourth Circuit's test for awarding attorney's fees in ERISA cases, including what is known as the "Quesinberry Factors."  *See Quesinberry v. Life Ins. Co. of N. Am.,* 987 F.2d 1017 (4th Cir. 1993). (Ex. D. at pp. 49-60.)  The first of the Quesinberry factors is "the degree of the opposing party's culpability or bad faith."  *Id.* at 1029.  (Ex. D at p. 49.)

11.     Thus, Magistrate Judge Gauvey conducted an extensive inquiry into whether CareFirst originally denied Feldman's claims in bad faith.  (Ex. D at pp. 50-55.)  Amongst much other evidence, Magistrate Judge Gauvey considered an affidavit submitted by the Plaintiffs in which they purport to lay out that CareFirst and other Blue Cross Blue Shield insurance plans engaged in a conspiracy to drive Feldman's and its related entities out of business.  (Affidavit of Jarrett Bostwick, Exhibit E attached hereto.)

12.  Magistrate Judge Gauvey concluded that CareFirst had not acted in bad faith, specifically finding the following:

- "There is no evidence of 'bad faith' or 'venality' in CareFirst's business dealings with [Feldman's].  Likewise, there is no culpability on CareFirst's part."  (Ex. D at pp. 52-53.)

- "There is no evidence presented that CareFirst intentionally or even wantonly withheld payment."  (*Id.*)

- "There is no evidence that Feldman's acted in bad faith in delaying payment for claims."  (*Id*. at p. 54.)

- "There is no evidence . . . that CareFirst pended these payments in an intentional effort 'to injure Feldman's', as plaintiff contends."  (*Id.* at p. 54.)

Instead of proceeding in bad faith and/or with the intent to injure Feldman's, Magistrate Judge Gauvey concluded that CareFirst's initial denial of the claims was the result of "legitimate confusion" regarding licensure requirements.  (*Id.* at pp. 53-54.)

**Grounds for Removal**

**A.    Removal Is Procedurally Proper**

13.    This Notice of Removal is timely because it is filed within thirty days of the issuance of Magistrate Judge Gauvey's September 28, 2012 Order.[1]  If an action is not initially removable, but later becomes removable, a notice of removal may be filed within thirty days after receipt by the defendant of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of [diversity of citizenship] more than one year after commencement of the action.  28 U.S.C. § 1446(b).  As explained below, it first became ascertainable that this case was removable based on diversity jurisdiction from the

---

[1] The Court was closed on October 29 and 30 due to inclement weather caused by Hurricane Sandy.

- 4 -

September 28, 2012 Order, because on that date it became clear that CareFirst had been fraudulently joined in this lawsuit.

14.     Undersigned counsel has conferred with counsel for the IBC Defendants and CareFirst, and the defendants all consent to this removal.  28 U.S.C. § 1446(b)(2)(A).

15.     Venue is proper in this Court because it is the "district and division embracing the place where [the State Court Action] is pending." 28 U.S.C. § 1441(a). The Circuit Court for Baltimore City is located in the District of Maryland.

16.     This Notice of Removal sets forth the requisite "short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a).

17.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal promptly is being served upon counsel for Plaintiffs, and a copy promptly will be filed with the Clerk of the Circuit Court for Baltimore City, Maryland.

18.     Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the FAC is attached to this Notice of Removal.  (*See* Ex. A.)

**B.     This Case Is Removable on the Basis of Diversity Jurisdiction.**

19.     This Court has jurisdiction over the State Court Action pursuant to 28 U.S.C. §§ 1332 and 1441(a) based on diversity jurisdiction.  Section 1441(a) provides, in relevant part, that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the . . . laws of the United States shall be removable. . . ." *See also* 28 U.S.C. § 1332 (addressing "diversity" jurisdiction).

20.     There exists complete diversity of citizenship between Plaintiffs (Maryland citizens), BCBSA (an Illinois citizen), and the IBC Defendants (Pennsylvania citizens).

2415823.1 41859/117868 10/31/2012

Although CareFirst is also a citizen of Maryland, based on the September 28, 2012 Order, CareFirst should be dismissed from this lawsuit under the doctrine of fraudulent joinder.

      **1.**      **The Law of Fraudulent Joinder.**

      21.      The general rule is that an action non-removable when commenced may become removable thereafter on the basis of diversity only by the voluntary act of the plaintiff. *Grubb v. Donegal Mut. Ins. Co.,* 935 F.2d 57, 60 (4th Cir.1991). Courts, however, have long recognized an exception where a claim against a nondiverse defendant is dismissed on account of fraudulent joinder. *See Mayes v. Rapoport,* 198 F.3d 457, 461 n. 9 (4th Cir.1999); *Riverdale Baptist Church v. Certainteed Corp.,* 349 F.Supp.2d 943, 946 (D.Md. 2004) ("Fraudulent joinder is, in fact, a well established exception to the voluntary/involuntary rule.")

      22.      "Fraudulent joinder" does not in fact require proof of fraud. Instead, the Fourth Circuit has held that to establish that a non-diverse defendant has been fraudulently joined, the removing party must establish that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court. *Mayes,* 198 F.3d at 464 (quoting *Marshall v. Manville Sales Corp.,* 6 F.3d 229, 232 (4th Cir.1993)); *Riverdale Baptist Church,* 349 F.Supp.2d at 947.

      23.      The doctrine of fraudulent joinder permits a federal court to "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes,* 198 F.3d at 461.

**2.     The September 28, 2012 Order Establishes that Plaintiffs Cannot Prove Any of their Claims Against CareFirst.**

24.    Based on Magistrate Judge Gauvey's findings in the September 28, 2012 Order, Plaintiffs are now collaterally estopped from establishing any of their claims against CareFirst.[2]

25.    In the FAC, Plaintiffs allege a conspiracy among the defendants designed to deny – or at least substantially delay – the payment of Feldman's claims, and to force Feldman's out of business.  Based on these allegations, Plaintiffs bring six claims against CareFirst: (1) intentional interference with economic relations; (2) defamation; (3) fraud and fraudulent misrepresentation; (4) unfair competition; (5) conspiracy; and (6) alleged violation of the Maryland Antitrust Act.

26.    A party seeking to rely on the doctrine of collateral estoppel must establish: (1) that the issue sought to be precluded is identical to one previously litigated; (2) that the issue was actually determined in the prior proceeding; (3) that the issue's determination was a critical and necessary part of the decision in the prior proceeding; (4) that the prior judgment is final and valid; and (5) that the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the previous forum.  *Westmoreland Coal Co., Inc. v. Sharpe ex rel. Sharpe,* 692 F.3d 317, 331 (4th Cir. 2012).  Each of these elements is satisfied here.

27.    All of Plaintiffs' claims in the FAC require Plaintiffs to prove that CareFirst acted tortiously, in bad faith, or with the intent to drive Plaintiffs out of business.  *See, e.g., Blondell v. Littlepage,* 413 Md. 96 (2010); *Cavalier Mobile Homes, Inc. v. Liberty Mobile Homes, Inc.,* 454 A.2d 367, 374 (Md. 1983); *Goldstein v. Miles,* 159 Md.App. 403, 437 (2004); *S. Volkswagon, Inc. v. Centrix Fin, LLC,* 357 F.Supp.2d 837 (D. Md. 2005).  The September 28, 2012 Order,

---

[2] As set forth in the IBC Defendants' motion to dismiss, originally filed March 2, 2012, all of the allegations directed at the IBC Defendants relating to claims processed by CareFirst also are barred by the doctrine of defensive, non-mutual collateral estoppel.

however, explicitly finds that CareFirst did not act in bad faith or with any intent to injure Plaintiffs. This finding was a central issue given the Quesinberry test. Indeed, Magistrate Judge Gauvey specifically noted that she had undertaken a "tedious, time-consuming and careful review of the record" in order to reach her finding that CareFirst had not acted in bad faith or with the intent to injure Feldman's. (Ex. D at p. 52.) Among much other evidence, Feldman's submitted an affidavit that CareFirst and other Blue Cross Blue Shield plans conspired to develop "theories" to wrongfully deny claims and drive the Plaintiffs out of business – just as Plaintiffs allege in the FAC.

28. Accordingly, Plaintiffs cannot establish their claims against CareFirst, and CareFirst should be dismissed under the doctrine of fraudulent joinder.

WHEREFORE, the Blue Cross Blue Shield Association respectfully submits that the State Court Action is properly removed to this Court.

October 31, 2012                         Respectfully submitted,

                                         ____/s/ Catherine A. Bledsoe_____
                                         Catherine A. Bledsoe (Bar # 11376)
                                         One of the Attorneys for Defendant Blue Cross Blue Shield Association

Catherine A. Bledsoe (Bar # 11376)
Gordon Feinblatt LLC
233 East Redwood Street
Baltimore, Maryland 21202
Telephone: (410) 576-4198
Facsimile: (410) 576-4269
cbledsoe@gfrlaw.com

Stephen H. Pugh (admitted *pro hac vice*)
Jorge V. Cazares (admitted *pro hac vice*)
Rebecca D. Fuentes (admitted *pro hac vice*)
Pugh, Jones & Johnson, P.C.
180 North LaSalle Street, Suite 3400
Chicago, Illinois 60601
Telephone: (312) 768-7800
Facsimile:  (312) 768-7801
spugh@pjjlaw.com
jcazares@pjjlaw.com
rfuentes@pjjlaw.com

*Attorneys for Defendant Blue Cross Blue Shield Association*

## CERTIFICATE OF SERVICE

      I hereby certify that on October 31, 2012, a true and correct copy of the **Notice of Removal** was served on counsel of record for the parties via First-Class and electronic mail.

                           ____/s/ Catherine A. Bledsoe_____