IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| FELDMAN'S MEDICAL CENTER PHARMACY, INC., *et al.,* | ) ) ) |
| Plaintiffs, | ) ) Civil Action No. WDQ-12-3189 |
| v. | ) ) |
| CAREFIRST, INC., *et al.,* | ) ) |
| Defendants. | ) |

**DEFENDANTS' JOINT RESPONSE TO THE
COURT'S STANDING ORDER CONCERNING REMOVAL**

Defendants Blue Cross Blue Shield Association (the "BCBSA"), Independence Blue Cross ("IBC"), QCC Insurance Co. ("QCC") and CareFirst, Inc. ("CareFirst") (collectively, "defendants") hereby jointly respond to the Court's Standing Order Concerning Removal (the "Standing Order") (Dkt. 5) as follows:

1.  The date(s) on which each defendant was served with a copy of the summons and complaint.

**RESPONSE:** IBC and QCC were served on January 26, 2012; CareFirst was served on February 2, 2012; and the BCBSA was served on February 27, 2012.

2.  In actions predicated on diversity jurisdiction, an indication of whether any defendants who have been served are citizens of Maryland, and, for any entity that is not a corporation, the citizenship of all members.

**RESPONSE:** CareFirst is a citizen of Maryland. However, as set forth in the BCBSA's Notice of Removal, CareFirst should be dismissed from this lawsuit under the doctrine of fraudulent joinder. *See* Dkt. 1. To establish that a non-diverse defendant has been fraudulently joined, the

removing party must establish that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court. *Mayes v. Rapoport,* 198 F.3d 457, 461 (4th Cir.1999) (quoting *Marshall v. Manville Sales Corp.,* 6 F.3d 229, 232 (4th Cir.1993)); *Riverdale Baptist Church v. Certainteed Corp.,* 349 F.Supp.2d 943, 947 (D. Md. 2004). That doctrine permits a federal court to "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes,* 198 F.3d at 461.

3.      If removal takes place more than thirty (30) days after any defendant was first served with a copy of the summons and complaint, the reasons why removal has taken place at this time and the date on which the defendant(s) was (were) first served with a paper identifying the basis for such removal.

**RESPONSE:** BCBSA removed this case on the basis of diversity jurisdiction which first became ascertainable to BCBSA on September 28, 2012.[1] On September 28, 2012, Magistrate Judge Gauvey entered an opinion denying Feldman's claim for attorneys' fees in *Feldman's Med. Ctr. Pharm., Inc. v. CareFirst, Inc.,* Case No.10-cv-254 (the "September 28, 2012 Order"). *See* Exhibit A, attached. As explained in detail in BCBSA's Notice of Removal, Plaintiffs are now collaterally estopped from establishing any of their claims against CareFirst in this lawsuit based on the findings in the September 28, 2012 Order. Plaintiffs' claims in this suit require Plaintiffs to prove that CareFirst acted tortiously, in bad faith, or with the intent to drive Plaintiffs out of business. *See, e.g., Blondell v. Littlepage,* 413 Md. 96, 125 (2010); *Cavalier Mobile Homes, Inc. v. Liberty Mobile Homes, Inc.,* 454 A.2d 367, 374 (Md. 1983); *Goldstein v.*

---

[1]     The 30-day deadline to file a notice of removal fell on October 29, 2012. *See* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a)(1)(C). This Court was closed on October 29 and 30th due to Hurricane Sandy. BCBSA timely filed its Notice of Removal on October 31, 2012.

*Miles,* 159 Md.App. 403, 437 (2004); *S. Volkswagon, Inc. v. Centrix Fin, LLC,* 357 F.Supp.2d 837 (D. Md. 2005).  The September 28, 2012 Order, however, explicitly held that CareFirst did not act in bad faith or with any intent to injure Feldman's.  *See* Ex. A at pp. 50-55.  Moreover, Plaintiffs' cause of action for civil conspiracy also is not cognizable as an independent tort under Maryland law.  The lone remaining cause of action (defamation) is barred by a one year statute-of-limitations.  Accordingly, Plaintiffs cannot establish their claims in this suit against CareFirst, and CareFirst should be dismissed under the doctrine of fraudulent joinder.  Complete diversity of citizenship exists between the remaining parties.

4. In actions removed to this Court predicated on diversity jurisdiction in which the action in state court was commenced more than one year before the date of removal, the reasons why this action should not be summarily remanded to state court.

**RESPONSE:**  Not applicable.  Plaintiffs commenced this action in state court on December 29, 2011.  BCBSA's Notice of Removal was filed on October 31, 2012 – within one year of the commencement of the state-court action.

5. Identification of any defendant who was served in the state court action prior to the time of removal who did not formally join in the notice of removal and the reasons why such defendant did not join.

**RESPONSE:**  Not applicable.  All of the defendants expressly joined in BCBSA's Notice of Removal.  *See* Dkt. 1 at ¶ 14.

Respectfully submitted,

_____/s/_____
Catherine A. Bledsoe (Bar # 11376)
Gordon Feinblatt LLC
233 East Redwood Street
Baltimore, Maryland 21202
Telephone: (410) 576-4198
Facsimile: (410) 576-4269
cbledsoe@gfrlaw.com

Stephen H. Pugh (admitted pro hac vice)
Jorge V. Cazares (admitted pro hac vice)
Rebecca D. Fuentes (admitted pro hac vice)
Pugh, Jones & Johnson, P.C.
180 North LaSalle Street, Suite 3400
Chicago, Illinois 60601
Telephone: (312) 768-7800
Facsimile: (312) 768-7801
spugh@pjjlaw.com
jcazares@pjjlaw.com
rfuentes@pjjlaw.com
*Counsel for the Blue Cross Blue Shield Association*

_____/s/_____
(signed by Catherine A. Bledsoe with permission of Elisabeth S. Walden)
Elisabeth S. Walden (Bar No. 28684)
AKIN GUMP STRAUSS HAUER & FELD LLP
Robert S. Strauss Building
1333 New Hampshire Ave., NW
Washington, D.C. 20036
Phone: (202) 887-4000
Fax: (202) 887-4526
*Counsel for Independence Blue Cross and QCC Insurance Company*

_____/s/_____
(signed by Catherine A. Bledsoe with
permission of Patrick P. de Gravelles)
Patrick P. de Gravelles (Bar No. 29245)
CareFirst BlueCross BlueShield
Litigation General Counsel
840 First St., NE, DC12-08
Washington, D.C. 20065
Phone: (202) 680-7457
Fax: (202) 680-7620
*Counsel for CareFirst, Inc.*

Dated: November 15, 2012